# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | No. 5:14-CR-8(1) |
| | § | |
| **BOBBY RAY COLLINS** | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On January 4, 2017, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Jonathan Ross. Defendant was represented by Ken Hawk.

Bobby Ray Collins ("Defendant") was sentenced on May 20, 1996, before The Honorable Terry R. Means of the Northern District of Texas after pleading guilty to the offense of interference with commerce by robbery (2 counts), a Class C felony. Defendant also pled guilty to one count of using and carrying a firearm during and in relation to a crime of violence, a Class D felony, and another count of using and carrying a firearm during and in relation to a crime of violence, a Class C felony.

Defendant was sentenced to 240 months imprisonment followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse aftercare. On September 6, 2013, Defendant completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas.

On May 16, 2014, jurisdiction was transferred to the Eastern District of Texas.

On January 21, 2015, a petition for revocation was filed. A revocation hearing was held

March 23, 2015. The undersigned issued a Report and Recommendation on March 24, 2015, but before the District Judge adopted it and after the objection time period expired, objections were filed. Defendant also filed a motion for new counsel. In light of that, Public Defender Ken Hawk was appointed.

On July 21, 2015, the Court held a supplemental hearing regarding revocation, and Defendant consented to revocation. A Substituted Report and Recommendation was entered July 22, 2015. On July 27, 2015, the District Judge entered a Revocation Judgment, committing Defendant to the custody of the United States Bureau of Prisons to be imprisoned for twelve months + one day (calculated from February 11, 2015), with six months supervised release to follow said term of imprisonment.

On February 8, 2016 and again on March 21, 2016, the Court issued Orders Modifying Conditions of Supervised Release. On April 22, 2016, a petition for revocation of supervised release was filed. The petition was supplemented January 4, 2017.

In its supplemental petition to revoke, the Government alleges Defendant violated the following conditions:

1) **Defendant shall not commit another federal, state, or local crime.** Specifically, the Government alleges that on or about May 24, 2016, Mr. Collins committed the offense of Burglary of a Habitation in Texarkana, Bowie County, TX. On December 13, 2016, Mr. Collins was sentenced to 20 years imprisonment in the Institutional Division of the Texas Department of Criminal Justice, in Case No. 16F0481-102 of the 102nd District Court in Bowie County, Texas.

2) **Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia**

2

**related to such substances, except as prescribed by a physician.** Specifically, the Government alleges as follows. On April 18, 2016, Mr. Collins submitted a urine specimen that was positive for methamphetamine. Mr. Collins verbally denied use. The specimen was sent to the national lab for confirmation. On April 6, 2016, Mr. Collins submitted a urine specimen that was positive for methamphetamine. Mr. Collins verbally denied use. The specimen was sent to the national lab for confirmation.

3) **Defendant shall serve 6 months home detention except to the extent Defendant is allowed to participate in an out patient drug treatment program.** Specifically, the Government alleges as follows. On April 21, 2016, the probation officer received an email advising of a strap tamper and proximity tamper from Mr. Collins. Probation officer attempted to contact Collins via telephone with no success. On April 22, 2016 around 8:30 am, the probation officer traveled to Mr. Collins' residence, no contact was made with Mr. Collins. On April 22, 2016, the probation officer traveled to Mr. Collins employment and spoke with his supervisor, Justin Howe. Mr. Howe advised Mr. Collins called in to work to take care of his wife's funeral arrangement. On April 22, 2016, the probation officer contacted McFadden and Hitchye Funeral Home in Hope, Arkansas and was advised Mr. Collins had not been to the funeral home or visitation on April 22, 2016.

The Court scheduled a revocation hearing January 4, 2017. At the hearing on the Government's supplemental petition, and after consenting to the undersigned's taking the plea, Defendant pled true to the third allegation as set forth above. The Government dismissed the first and second allegations. Based upon Defendant's plea of true to the third allegation, the Court found Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition. The Court recommended Defendant's term of supervised release be revoked.

Counsel announced the parties agreed upon the sentence to be imposed. The Court, having considered the agreement as well as the applicable U.S. Sentencing Commission Guidelines, agreed with the parties' proposed sentence and recommended sentence be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is recommended that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months, with no term of supervised release to follow said term of imprisonment.

Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the third allegation be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months, with no term of supervised release to follow said term of imprisonment.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

**SIGNED this 5th day of January, 2017.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE